IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **LATONIA JONES,** | ) | 1:08-CV-1702-WMW |
| Petitioner, | ) ) | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| vs. | ) ) | |
| **FRESNO COUNTY JAIL,** | ) ) | |
| Respondent. | ) ) ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Although Petitioner is a state prisoner, Petitioner has brought this petition pursuant to

28 U.S.C. § 2241. This statute provides relief to a federal prisoner if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," under 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Where a petitioner seeks to challenge the conditions of his confinement rather than the legality of the confinement itself, the proper method is through a civil rights action pursuant to 42 U.S.C. § 1983. In this case, Petitioner expressly states that Petitioner is challenging conditions at the Fresno County Jail. Accordingly, the proper vehicle for Petitioner to pursue Petitioner's claims is through a civil rights action pursuant to 42 U.S.C. § 1983.

Based on the above, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action; and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   January 13, 2009            /s/ William M. Wunderlich
                                     UNITED STATES MAGISTRATE JUDGE